it at that time. We agree that because the claim he now raises was not known to him at the time of his original motion, the waiver provision of Rule 24.035(d) is also inapplicable. Thus, Lilly's claim that his plea was involuntary due to the erroneous DNA report has not been waived.[4] But the fact that his claim has not been waived does not afford him the right to obtain post-conviction relief under Rule 24.035. As noted above, the motion from which he has appealed was untimely. Consequently, the motion court had no choice but to dismiss it.

Although Lilly's claim that his plea was involuntary due to reliance on an erroneous DNA report was not waived, he did not choose the appropriate avenue to seek relief. Lilly's claim is essentially a claim of newly discovered evidence.

"It is a well-established principle that 'Missouri's post-conviction relief rules are not a proper vehicle for the examination of claims of newly discovered evidence.'" *Ferguson v. State*, 325 S.W.3d 400, 406 (Mo.App. W.D.2010) (quoting *Wilson v. State*, 813 S.W.2d 833, 834 (Mo. banc 1991)). Rather, such claims should be addressed either in a petition for a writ of habeas corpus or a request for a pardon from the governor. *Id.* "Habeas corpus relief is available 'where petitioner can demonstrate manifest injustice or miscarriage of justice by showing that a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id.* at 409 (quoting *State ex rel. Verweire v. Moore*, 211 S.W.3d 89, 91 (Mo. banc 2006) (internal quotation marks and citations omitted)). While we question whether the erroneous DNA report can, in fact, establish Lilly's "actual innocence," that issue is not properly before us.[5]

### Conclusion

Because Lilly's Rule 24.035 motion was untimely, successive, and involved a claim that was not cognizable in a Rule 24.035 proceeding, the motion court committed no error in dismissing Lilly's motion. The dismissal is affirmed.

VICTOR C. HOWARD, Presiding Judge, and CYNTHIA L. MARTIN, Judge, concur.

**Michael STEPHENSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 73666.**

Missouri Court of Appeals, Western District.

Aug. 28, 2012.

Kent Denzel, Columbia, MO, for appellant.

---

4. Although we find that this claim has not been waived, we express no determination on the merits of this claim.

5. In its brief, the State speculates that DNA testing results on other surfaces from the crime scene potentially implicated Lilly in the crimes, thus rendering the error he identifies as "unremarkable." But because the original DNA report was not placed in evidence at Lilly's plea hearing, and because it was not before the motion court, we decline to accept the State's speculative inference regarding the implications of other DNA testing results.

Daniel McPherson and Shaun J. Mackel-prang, Jefferson City, MO, for respondent.

Division Three: THOMAS H. NEWTON, P.J., JAMES M. SMART, JR., and GARY D. WITT, JJ.

## ORDER

PER CURIAM:

Michael Stephenson appeals the denial of his Rule 29.15 motion for post-conviction relief alleging ineffective assistance of counsel. We affirm. Rule 84.16(b).

### Cody WARD, Appellant,

v.

### STATE of Missouri, Respondent.

### No. WD 73967.

Missouri Court of Appeals, Western District.

Aug. 28, 2012.

Margaret M. Johnston, Columbia, MO, for appellant.

Karen L. Kramer, Jefferson City, MO, for respondent.

Before Division Three: VICTOR C. HOWARD, Presiding Judge, KAREN KING MITCHELL, Judge and CYNTHIA L. MARTIN, Judge.

## ORDER

PER CURIAM:

Cody L. Ward appeals from the motion court's denial of his Rule 2 motion. Ward claims that trial counsel was ineffective for failing to explain why he should waive a preliminary hearing, and that the waiver resulted in Ward not knowing the strength of the State's evidence. Ward claims his guilty plea was unknowing as a result. We affirm. Rule 84.16(b).

### James D. BALDWIN, Appellant,

v.

### STATE of Missouri, Respondent.

### No. WD 74009.

Missouri Court of Appeals, Western District.

Aug. 28, 2012.

Susan E. Summers, for Appellant.

Richard A. Starnes, for Respondent.

Before Division Two: JOSEPH M. ELLIS, Presiding Judge, ALOK AHUJA, Judge and MARK D. PFEIFFER, Judge.

## *ORDER*

PER CURIAM:

Appellant James D. Baldwin appeals from the denial of his Rule 29.15 motion for post-conviction relief following an evidentiary hearing. After a thorough review